ECHEVARRÍA v. MOLINARY.

APPEAL from the District Court of Aguadilla.

No. 234.—Decided March 12, 1908.

ALLEGATIONS—UNLAWFUL DETAINER—DEMURRER.—In an action of unlawful detainer, it is necessary that the plaintiff should show in what capacity the suit

is brought, and whether the plaintiff is owner, usufructuary, or by virtue of what title or right he claims the enjoyment of the property. It should appear from the complaint that the plaintiff has a right to the possession of the property, as otherwise it will be deemed not to state a cause of action.

ID.—LEGAL CAPACITY TO SUE.—It is not necessary to allege in the complaint that the plaintiff has legal capacity to sue and, if from the complaint a lack of such capacity does not appear, such an objection must be raised by the answer.

The facts are stated in the opinion.

*Mr. Maestre* for respondent.

The appellant did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

The defendant and appellant, Adolfo Molinary, was sued before the District Court of Aguadilla for unlawful detainer. An appeal was taken from the judgment rendered in favor of the complainant, after the court had overruled the defendant's demurrer. The complaint is as follows:

"The plaintiff appears through her counsel, and files a complaint for unlawful detainer against Don Adolfo Molinary, basing such action on the following facts:

"1. A rural estate composed of 100 *cuerdas,* with a dwelling house, outbuildings and a mill for making sugar, situated in the *barrio* of El Centro of Moca, bounded on the north by the Sucesión of Don José Fernández; on the south by Máximo Soto; on the east by the defendant, Adolfo Molinary, and on the west by the Sucesión de Fernándo Ramos; free from incumbrances and recorded in the registry of property in volume 4 of Moca, reverse of page 50, property No. 240, 3d inscription."

"2. The defendant has for many years, as an adjoining landowner, enjoyed the usufruct of the said property, occupying the dwelling house and using the outbuildings and the mill, without having a contract of lease, and without paying any rental, and at the present refuses to vacate the premises and deliver the property to the plaintiff, notwithstanding the repeated efforts which have been made in a friendly way, and the various terms that the plaintiff has out of consideration given him to vacate the property, this conduct causing the plaintiff grave damages, since several persons have endeavored to lease the property on very advantageous terms, and plaintiff has been unable to carry such transactions into effect.

"Therefore, basing my action on the facts herein stated, I pray this honorable court to order a preliminary appearance in this case, in order that pertinent evidence may be offered, and when a trial is had that the court decree the unlawful detainer of the defendant Molinary, giving him the period specified by the law within which to vacate the premises, and condemning him to the payment of the costs."

The first ground of the demurrer is to the following effect:

"That the complaint does not state facts sufficient to show a cause of action. (Article 105, paragraph 6, of the Code of Civil Procedure.) This exception is based on the failure to allege in what capacity the plaintiff files the action of unlawful entry and detainer; whether it is as owner, usufructuary, or in any of the several capacities authorized by the law, none of which are set out by the plaintiff. And this being so, there is no cause of action on which to base this complaint in accordance with the provisions of the law of unlawful detainer, section 1, approved March 9, 1905."

With the demurrer, as provided by section 6 of the law of unlawful detainer (Laws of 1905, page 184), the defendant filed his answer. Section 2 of the Law of Unlawful Detainer provides:

"The action of unlawful detainer (*desahucio*) may be commenced by the owners of property, usufructuaries thereof, or by any other person or persons entitled to the enjoyment of such property, or by persons claiming under them."

It is therefore necessary that the plaintiff should show in what capacity the suit is brought, and whether the complainant is owner, usufructuary, or by what title or right he claims the enjoyment of the property. The complainant has failed to show that she is the owner, or has any right of possession, to the property which is described in the complaint. It is not enough to say that the defendant refuses to abandon the farm and deliver it to the complainant, but the complainant must affirmatively show that she is entitled to the possession

of the land.   Without such averment it is evident that the complainant has not stated a cause of action.

It was not necessary for the complainant to allege that she had the legal capacity to sue, and if that fact did not appear on the face of the complaint such an objection would have to be taken by answer.

The third ground of the demurrer was that the defendant is described as a usufructuary, and it is therefore not comprehended in any of the categories described by section 2 of the law.   We think, however, that the complaint sufficiently alleges that the defendant was holding without paying rent to the complainant, and that he was there without a contract of any kind.

The demurrer was sufficienly specific in drawing attention to the defects of the complaint, and it should have been sustained.   The judgment must therefore be reversed and the case sent back to the District Court of Aguadilla, with instructions to enter an order sustaining the demurrer, and thereafter such other procedure as the nature of the case may require.

*Reversed.*

Chief Justice Quiñones and Justices Hernández, Figueras and MacLeary concurred.